# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MICHAEL MASON, CDCR #P-44211, <br><br> Plaintiff, <br><br> vs. <br><br> DR. J. SILVA, <br><br> Defendant. | Civil No. 11-1337 JLS (BGS) <br><br> **ORDER:** <br><br> **(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE, GARNISHING $350 FROM PRISONER'S TRUST ACCOUNT [ECF No. 6]; AND** <br><br> **(2) SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)** |

Paul Michael Mason ("Plaintiff"), a state prisoner currently incarcerated at Avenal State Prison located in Avenal, California and proceeding pro se, has filed a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 6].

/ / /

/ / /

# I.

## MOTION TO PROCEED IFP [ECF NO. 6]

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, prisoners granted leave to proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915, as amended by the Prison Litigation Reform Act ("PLRA"), further requires that each prisoner seeking leave to proceed IFP submit a "certified copy of [his] trust fund account statement (or institutional equivalent) ... for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). Using these certified trust account statements, the Court must assess an initial payment of 20% of (a) the average monthly deposit, or (b) the average monthly balance in the account for the past six months, whichever is greater, and collect that amount as the prisoner's initial partial filing fee, unless he has no current assets with which to pay. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4); *Taylor*, 281 F.3d at 850. Thereafter, the institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Taylor*, 281 F.3d at 847.

The Court finds that Plaintiff has submitted an affidavit that complies with 28 U.S.C. § 1915(a)(1) [ECF No. 2] as well as a certified copy of his prison trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and Civil Local Rule 3.2. Plaintiff's trust account currently indicates that he has insufficient funds from which to pay an initial partial filing fee.

Accordingly, the Court hereby **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 6], and assesses no initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(1) (court shall

assess initial partial filing fee only "when funds exist"); 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered"). However, Plaintiff is required to pay the full $350 filing fee mandated by 28 U.S.C. §§ 1914(a) and 1915(b)(1), by subjecting any future funds credited to his prison trust account to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(2).

## II.
### SUA SPONTE SCREENING PER 28 U.S.C. §§ 1915(e)(2) & 1915A

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint

1  that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)
2  (discussing 28 U.S.C. § 1915A).

3  "[W]hen determining whether a complaint states a claim, a court must accept as true all
4  allegations of material fact and must construe those facts in the light most favorable to the
5  plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)
6  "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's
7  duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*,
8  839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v.*
9  *Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

10  Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person
11  acting under color of state law committed the conduct at issue, and (2) that the conduct deprived
12  the claimant of some right, privilege, or immunity protected by the Constitution or laws of the
13  United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on*
14  *other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d
15  1350, 1354 (9th Cir. 1985) (en banc).

16  Here, Plaintiff's claims arise from a time in which he was housed at the Richard J.
17  Donovan Correctional Facility ("Donovan"). (*See* Compl. at 1.) Plaintiff alleges that Defendant
18  Silva, a prison doctor, refused to provide him with medication. (*Id.* at 3.) Where an inmate's
19  claim is one of inadequate medical care, the inmate must allege "acts or omissions sufficiently
20  harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429
21  U.S. 97, 106 (1976). Such a claim has two elements: "the seriousness of the prisoner's medical
22  need and the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d
23  1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d
24  1133, 1136 (9th Cir. 1997). A medical need is serious "if the failure to treat the prisoner's
25  condition could result in further significant injury or the 'unnecessary and wanton infliction of
26  pain.'" *McGuckin*, 974 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104). Indications of a serious
27  medical need include "the presence of a medical condition that significantly affects an
28  individual's daily activities." *Id*. at 1059–60. By establishing the existence of a serious medical

need, an inmate satisfies the objective requirement for proving an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with a prescribed course of medical treatment, or it may be shown by the way in which prison medical officials provide necessary care. *Hutchinson v. United States*, 838 F.2d 390, 393–94 (9th Cir. 1988). Before it can be said that a inmate's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06); *see also Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

Plaintiff's only allegations consist of his claims that Defendant Silva refused to refill a prescription for medication. (*See* Compl. at 3.) There are insufficient allegations as to the nature of Plaintiff's serious medical needs. In addition, Plaintiff alleges that Defendant Silva did not believe that Plaintiff needed as many medications as Plaintiff was previously prescribed. (*Id.*) A mere difference of opinion between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Moreover, there are no allegations that Plaintiff suffered any physical harm as a result of the alleged failure to receive this medication. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (a prisoner can make "no claim for deliberate medical indifference unless the denial was harmful")

Thus, Plaintiff's Eighth Amendment inadequate medical care claims are dismissed for failing to state a claim upon which relief can be granted.

### III.
### CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 6] is **GRANTED**.

1     2.    The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

    3.    The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

    4.    Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is filed in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. CAL. CIVLR 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

    5.    The Clerk of Court is directed to mail a court approved § 1983 form complaint to Plaintiff.

**IT IS SO ORDERED**.

DATED: January 19, 2012

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge