UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MICHAEL MASON,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>D.J. SILVA,<br><br>　　　　　　　　　　Defendant. | Civil No.　11CV1337-JLS (BGS)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[Doc. No. 12]** |

　　Plaintiff once again requests the appointment of counsel to assist him in prosecuting this civil action. (Doc. No. 12.) Plaintiff argues that he needs an appointed attorney because he is indigent and cannot afford his own counsel and does not have adequate time in the law library. *See id.*

　　The Constitution provides no right to appointment of counsel in a civil case, however, unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id*. (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

1 | Plaintiff has thus far been able to articulate his claims.  (Doc. No. 8.)  Furthermore, it does not
2 | appear that  the legal issues involved are complex.  *See Wilborn v. Escalderon*, 789 F.3d 1328, 1331 (9th
3 | Cir. 1986) (noting that, "If all that was required to establish successfully the complexity of the relevant
4 | issues was a demonstration of the need for development of further facts, practically all cases would
5 | involve complex legal issues.").

6 | The Court denies Plaintiff's request without prejudice, as neither the interests of justice
7 | nor exceptional circumstances warrant appointment of counsel at this time.  *LaMere v. Risley*,
8 | 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

9 | IT IS SO ORDERED.

10 | DATED:  April 3, 2012

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court