UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL M. MASON,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>DR. J. SILVA, M.D.,<br><br>　　　　　　　　　　Defendant. | Civil No.　11cv1337-JLS (BGS)<br><br>**(1) ORDER GRANTING DEFENDANT'S MOTION TO COMPEL (A) THE DEPOSITION OF PLAINTIFF, AND (B) THE PRODUCTION OF DOCUMENTS; AND**<br><br>**(2) ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS**<br><br>**[Doc. No. 41]** |

**Introduction**

　　Plaintiff Paul M. Mason ("Plaintiff") alleges that Defendant Dr. J. Silva, M.D. ("Defendant") violated his Eighth Amendment right by acting with deliberate indifference to Plaintiff's medical needs. (First Amended Complaint ("FAC") at 3; Doc. No. 8.) When this case was filed, Plaintiff was incarcerated. Plaintiff, however, is no longer incarcerated. (*See* Doc. No. 28, 36.)

　　The present dispute concerns Plaintiff's complete failure to appear for his deposition and produce requested documentation at his deposition. Defendant seeks an order: (1) compelling Plaintiff to appear for deposition; (2) compelling Plaintiff to

provide requested documents at deposition; and (3) awarding reasonable attorney's fees incurred as a result of Plaintiff's failure to appear, approximately $1,330.00. (Def.'s Mot. at 1; Doc. No. 41.)

Defendant served his motion on Plaintiff on April 18, 2013. (*See* Declaration of Service by Mail attached to Defendant's Notice of Motion to Compel.) To date, Plaintiff has not filed an opposition or any other response to Defendant's motion.

For the reasons set forth below, the motion to compel is granted, but the motion for sanctions is denied.

**Motion to Compel**

Under Rule 30(a)(1) of the Federal Rules of Civil Procedure, the defendant is entitled to depose the plaintiff. Fed. R. Civ. P. 30 (a)(1). The defendant, however, must give reasonable written notice to the plaintiff. Fed. R. Civ. P. 30 (b)(1). "What is 'reasonable' depends on the circumstances of the case, but at least 10 days' notice is customarily expected." William W. Schwarzer, *et al.,* CALIFORNIA PRACTICE GUIDE, FEDERAL CIVIL PROCEDURE BEFORE TRIAL ¶ 11:360 (The Rutter Group 1998)); *see also Lee v. California Inst. of Tech.*, 2009 WL 2602438 (C.D. Cal. Aug. 24, 2009) (citing *In re Stratosphere Corp. Securities Litigation*, 183 F.R.D. 684, 687 (D. Nev. 1999)).

Further, "[i]f a subpoena duces tecum is to be served on the deponent, the materials designated for production, as set out in the subpoena, must be listed in the notice or in an attachment. The notice to a party deponent may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition." Fed. R. Civ. P. 30 (b)(2).

Finally, under Rule 37 of the Federal Rules of Civil Procedure, if the plaintiff fails to appear at his deposition, the defendant may move the court for an order compelling Plaintiff to participate in a deposition and produce requested documents after being served with proper notice. Fed. R. Civ. P. 37 (a)(1).

///

Defendant's motion to compel is proper because Defendant complied with the Federal Rules of Civil Procedure, and Plaintiff is non-responsive. For instance, on March 21, 2013, Plaintiff was provided reasonable written notice of (1) his April 12, 2013 deposition, and (2) a list of requested documents to provided at his deposition. (Def.'s Mot. to Compel, Ex. B; Doc. No. 41-3 at 1-8.)[1] Plaintiff failed to appear on April 12, 2013. (Def.'s Mot. to Compel, Ex. B; Doc. No. 41-3 at 9-17.) Plaintiff also failed to contact Defendant's counsel prior to the deposition to provide notice of nonappearance or to reschedule the deposition. (Def.'s Mot. to Compel, Decl. Wada; Doc. No. 41-2 at ¶ 5.) On April 15, 2013, Defendant's counsel attempted to contact Plaintiff by mail asking him to meet and confer over his failure to appear and to reschedule his deposition. (Def.'s Mot. to Compel, Decl. Wada, Doc. No. 41-2 at ¶ 7; Def.'s Mot. to Compel, Ex. C, Doc. No. 41-3 at 18-20.) On April 15, 16, and 17, 2013, Defendant's counsel also attempted to contact Plaintiff by telephone. (Def.'s Mot. to Compel, Decl. Wada, Doc. No. 41-2 at ¶ 8-10.) Defendant's counsel left a voice message after each call. (*Id.*) To date, Plaintiff has failed to respond. (Def.'s Mot. to Compel, Decl. Wada, Doc. No. 41-2 at ¶ 12.) Consequently, Defendant filed the present motion to compel on April 18, 2013, and correspondingly, properly served the motion on Plaintiff on April 18, 2013. (Def.'s Mot. at 1; Doc. No. 41; Declaration of Service by Mail attached to Defendant's Notice of Motion to Compel.)

Accordingly, due to Plaintiff's failure to appear, produce documents, and respond, and Defendant's proper compliance with the Federal Rules of Civil Procedure, the Court

---

[1] Defendant mailed the Notice of Deposition to the address Plaintiff provided to counsel when she contacted him by telephone to request a current mailing address for purposes of serving discovery. (Wada Decl. ¶ 4; Doc. No. 41-2.) Defendant also mailed the Notice to Plaintiff's last known address at Avenal State Prison. (Id.) Plaintiff was also told by the Court during the Case Management Conference that he was required to update his address with the Clerk of Court so that he would receive orders by mail. To date, he has not done so. Civil Local Rule 83.11.b requires that any person appearing pro se must keep the court and opposing parties advised as to current address. The rule further provides that if mail directed to a pro se plaintiff by the clerk at the plaintiff's last designated address is returned by the Post Office, and the plaintiff fails to notify the court and opposing parties within 60 days thereafter of the plaintiff's current address, the court may dismiss the action without prejudice for failure to prosecute. Civ. L.R. 83.11.b. Plaintiff has failed to keep the Court apprised of his current mailing address.

**GRANTS** Defendant's Motion to Compel.  Plaintiff must: (1) contact the Court and provide his current contact information no later than June 10, 2013 (Judge Skomal's chambers can be reached at 619-557-2993); (2) provide opposing counsel and the Court with dates he is available for deposition and appear for such deposition.  Plaintiff must also produce the requested documents at the time of deposition.

**Motion for Sanctions**

A party who prevails on a motion to compel is entitled to his or her expenses, including reasonable attorney fees, unless the losing party was substantially justified in making or opposing the motion, or if other circumstances make such an award unjust. Fed.R.Civ.P. 37(a)(5)(A). The losing party must have had notice and an opportunity to be heard before a court will award expenses to the prevailing party on a motion to compel. *Id.*; *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 784, fn. 11 (9th Cir.1983).

Because Plaintiff is pro se and *in forma pauperis*, the Court finds that an an award of attorney's fees is unjust under the circumstances.  Therefore, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A)(iii), the Court **DENIES** Defendant's request for an award of attorney's fees.

Finally, the Court cautions Plaintiff once again that Rule 37 permits the Court to sanction a party for failing to comply with a discovery order such as the one entered here. *See* Fed. R. Civ. P. 37(b)(2). In the event Plaintiff fails to obey this order, Defendant may seek an order dismissing the entire action. *Id.*, *see also Toner v. Wilson*, 102 F.R.D. 275, 276-77 (D.C. Pa. 1984).

**Conclusion**

Based on the above, the Court orders:

1. Defendant's motion to compel (a) the deposition of Plaintiff and (b) the production of documents be **GRANTED**.

2. Defendant's request for sanctions be **DENIED**.

    3. Plaintiff shall contact the Court no later than **June 10, 2013**, and provide his current contact information as well as provide the Court and opposing counsel with dates he is available for his deposition.  If Plaintiff fails to contact the Court by June 10, 2013, the Court will issue an Order to Show Cause why this case should not be dismissed for failure to prosecute and failure to abide by court orders.  *See* Fed. R. Civ. P. 41(b).

    4. Defendant shall serve this order on Plaintiff by mailing it to the address Plaintiff previously provided to Defendant.

**IT IS SO ORDERED.**

DATED: May 28, 2013

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court